THE COCA-COLA COMPANY, demandante y recurrente, *v.* MUNICIPIO DE CAROLINA, JOSÉ E. APONTE y FELIPE RODRÍGUEZ LEBRÓN, demandados y recurridos.

*Número:* RE-90-603          *Resuelto:* 25 de marzo de 1992

*Tcherine Andújar*, de *McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz-Suria*, abogado de la recurrente; *Casiano Betancourt*, abogado de los recurridos.

## RESOLUCIÓN

Reevaluada la solicitud de revisión a la luz de la Moción de Reconsideración presentada por The Coca-Cola Co., concluimos que en el apéndice dicha parte acreditó nuestra jurisdicción apelativa.

Habiendo decidido el Tribunal revisar la sentencia dictada por el Tribunal Superior, Sala de San Juan, en el caso *The Coca-Cola Co. v. Municipio de Carolina y otros*, Civil Núm. KCO-89-0029 (907), expida el Secretario mandamiento de revisión dirigido a dicha sala para que, una vez cumplidos los trámites de rigor, eleve a este Tribunal el expediente de revisión correspondiente.

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García emitió un voto concurrente. El Juez Asociado Señor Rebollo López emitió un voto particular de conformidad. La Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Hernández Denton disintieron por estimar que el Tribunal carece de jurisdicción para entender en el recurso. El Juez Asociado Señor Fuster Berlingeri no intervino.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Voto concurrente del Juez Asociado Señor Negrón García.

No podemos elevar a categoría sacramental (*ad solemnitatem*) lo que no posee esa cualidad.

I

El pasado 30 de noviembre, el Tribunal dictó la siguiente resolución:

> Por *no haberse acreditado adecuadamente la jurisdicción de este Tribunal,* se deniega el recurso.
> Lo acordó el Tribunal y certifica el señor Secretario General. *El Juez Asociado señor Negrón García concurre en esta etapa.* El Juez Asociado señor Rebollo López no intervino. (Énfasis suplido.)

Aunque no se explicó in extenso, ese dictamen respondió únicamente a que The Coca-Cola Co., como recurrente, entre los múltiples documentos del apéndice, no incluyó copia de una orden de 27 de agosto de 1990. Mediante esa orden, el foro de instancia motu proprio acogió en tiempo, como Moción de Reconsideración, su oposición al cómputo certificado por el demandado Municipio de Carolina sobre la deficiencia de la patente en controversia.

En la presente Moción de Reconsideración, The Coca-Cola Co. acompaña copia de esa orden. Expone que si bien antes omitió hacerlo, desde sus inicios incluyó en su apéndice (*Exhibit* XVI) copia de la Moción en Oposición a la Reconsideración presentada por el municipio demandado, en cuyo tercer apartado, expresamente, se reconoció que el trámite aludido tuvo el efecto de *interrumpir* el término apelativo por interacción de las Reglas 47 y 53.1(d) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

## II

Lo expuesto refleja que supletoriamente, mediante dicho documento (*Exhibit* XVI), The Coca-Cola Co. acreditó originalmente nuestra jurisdicción de forma *indirecta*. Por ende, procede examinar en sus méritos la revisión.

Esta ruta decisoria representa el criterio individual que hemos seguido desde hace mucho tiempo. Armoniza con la interpretación más justa y balanceada de nuestro Reglamento, que a fin de cuentas es instrumental. No es incompatible con el sentido espiritual de los pronunciamientos expuestos en *In re Reglamento del Tribunal Supremo*, 116 D.P.R. 670 (1985). La simple omisión de no incluir ese documento, cuando se suple esa información de otro modo, *no* constituye un incumplimiento sustancial fatal. Lo importante es que el apéndice de toda revisión presentada en tiempo cumpla sustancialmente con el Reglamento del Tribunal Supremo y acredite la jurisdicción. Somos juristas, no burócratas judiciales.

— O —

Voto particular de conformidad emitido por el Juez Asociado Señor Rebollo López.

De entrada, debemos dejar constancia del hecho que el suscribiente no intervino en la consideración del recurso de epígrafe el pasado 30 de noviembre de 1991, fecha en que el Tribunal originalmente denegó el recurso de revisión que radicara la demandante recurrente The Coca-Cola Company por el fundamento de "no haberse acreditado adecuadamente la jurisdicción de este Tribunal ...".[1]

---

[1] Como igualmente surge de la Resolución que entonces se emitiera, el "Juez Asociado señor Negrón García concurre [con la denegatoria decretada] en esta etapa".

Por otro lado, resulta igualmente pertinente señalar que *siempre* hemos sido del criterio que hoy asume, de forma mayoritaria, el Tribunal. Esto es, *siempre* hemos sido de la opinión —en lo relativo a si tenemos o no jurisdicción para entender en un recurso en particular— que nuestro Reglamento *no* puede ser una "camisa de fuerza" que nos impida considerar, en los méritos, los recursos que se radican ante el Tribunal; criterio que hemos hecho constar en innumerables ocasiones anteriores.

El Tribunal al considerar ese hecho, esto es, si la parte recurrente o peticionaria ha cumplido, o no, con las disposiciones del Reglamento de este Tribunal, debe mantener presente que *lo verdaderamente importante y determinante es si dicha parte recurrente ha cumplido, en forma sustancial, con el referido Reglamento.* En otras palabras, el criterio rector a seguir es si del recurso, y su apéndice, *razonablemente surge, o se puede concluir, que efectivamente tenemos jurisdicción.*(²) No debemos aferrarnos a tecnicismos que, después de todo, no aportan nada a nuestro acervo jurisprudencial.

Esa posición, desafortunadamente para la clase togada puertorriqueña, fue una minoritaria en el Tribunal durante los pasados años. La posición mayoritaria imperante hasta el día de hoy causó que este Foro denegara, posiblemente, cientos de recursos que "adolecían" del mismo "defecto" que el radicado en el presente caso por la recurrente The Coca-Cola Company.

Hoy la posición minoritaria que sostuviéramos durante todos esos años afortunadamente se ha convertido en la

---

(²) En relación a ello, debe mantenerse presente que la Regla 9 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III) establece, en lo pertinente, que la "firma de un abogado [en un escrito] equivale a certificar el haber leído el escrito; que de acuerdo con su mejor conocimiento, información y creencia está bien fundado; y que no ha sido interpuesto para causar demora u opresión".

Por otro lado, la citada Regla 9, adicionalmente, dispone que la *"violación voluntaria* de esta regla por parte de un abogado *dará lugar a la imposición de sanciones en su contra".* (Énfasis suplido.)

*No hay duda que el abogado que —en lo referente a la cuestión de jurisdicción o cualquier otro asunto relevante— asevera como cierto un hecho falso se expone a ser severamente disciplinado por el Tribunal.*

mayoritaria. Un cambio en la posición mayoritaria, naturalmente, siempre obliga a uno a pensar en aquellos litigantes que sufrieron el peso de la férrea posición contraria, vigente al momento de radicar ellos sus recursos; situación que causó que dichos recursos fueran erróneamente denegados por "falta de jurisdicción" o por "no acreditarse adecuadamente" la misma.

Nuestro compromiso con la profesión es que estaremos sumamente pendientes a que el Tribunal le brinde, y aplique, el mismo trato, o "vara", a todo litigante que de hoy en adelante acuda ante este Foro en busca de justicia; esto es, no sólo a litigantes poderosos como la recurrente The Coca-Cola Company —parte representada por un, igualmente, poderoso bufete de abogados— sino que también a aquellos litigantes menos afortunados que son representados por los restantes miembros de la profesión legal.