J.T.P. DEVELOPMENT CORPORATION, demandante y recurrida, v. MAJESTIC REALTY CORPORATION ET AL., demandados y peticionarios.

Número: CE-90-640          Resuelto: 6 de mayo de 1992

*José F. Cardona Jiménez*, de *Rivera Iturbe y Cardona Jiménez*, abogado de la parte demandada y peticionaria; *Diana Azizi de Arbona*, abogada de la parte demandante y recurrida.

EL JUEZ PRESIDENTE SEÑOR ANDRÉU GARCÍA emitió la opinión del Tribunal.

Hoy nos toca determinar, a los fines de conceder costas, cuál es la parte victoriosa cuando se acumulan dos (2) reclamaciones independientes y el tribunal resuelve una de ellas a favor de una parte y la restante a favor de la otra.

I

J.T.P. Development Corp. (J.T.P.) presentó una demanda en la cual acumuló dos (2) reclamaciones: una reivindicatoria[1] de la franja de terreno donde alegadamente la demandada Majestic Realty Corp. (Majestic) llevaba a cabo la construcción de cierta obra, y otra en reclamación de resarcimiento por los daños y perjuicios causados a la vegetación de la demandante como consecuencia de dicha

---

[1] Originalmente la demanda se tituló: Sentencia Declaratoria, Interdicto Provisional, Preliminar y Permanente, Daños y Perjuicios. Entre otras cosas, alegó la demandante que Majestic Realty Corp. realizaba una construcción en terrenos que eran propiedad de aquella. Aparentemente, hubo controversia en cuanto a si la demanda presentada era reivindicatoria o de deslinde. Tras un estudio sobre ambas acciones, el tribunal de instancia determinó que se trataba de una reclamación de reivindicación. Opinión y Sentencia de 24 de mayo de 1990, pág. 11.

construcción. Presentó, además, una moción al amparo de la Regla 56.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, en la que solicitaba una orden de cese y desista para paralizar la construcción que llevaba a cabo Majestic en terrenos que alegadamente pertenecían a la demandante.

Tras un acuerdo entre las partes, el tribunal nombró un perito para que determinara la colindancia entre los predios en controversia. Ambas partes consignaron los honorarios de dicho perito. Éste concluyó que la construcción de Majestic se efectuaba dentro de su propiedad. Al aquilatar la prueba pericial de ambas partes, el tribunal quedó convencido con la determinación del perito, así que dictó sentencia mediante la cual desestimó la demanda de reivindicación, pero declaró con lugar la reclamación por los daños causados a la vegetación de la demandante durante la construcción de Majestic.

En virtud de lo anterior, dejó sin efecto la orden provisional de cese y desista, y condenó a Majestic a pagar la suma de tres mil dólares ($3,000) por concepto de daños. Además, declaró sin lugar la reconvención que había sido presentada por dicha demandada.

En esa etapa postsentencia, Majestic presentó oportunamente un Memorando de Costas[2] para recuperar única y exclusivamente los gastos en que incurrió *en la defensa del reclamo de reivindicación* instado por J.T.P.[3]

---

[2] La parte peticionaria no incluyó en su recurso documento oficial alguno que reflejara cuándo se efectuó el archivo en autos de copia de la notificación de la sentencia. Sin embargo, alegó en la petición que ello se hizo el 1ro de junio de 1990. Mediante el examen que hemos hecho de los autos originales, hemos podido comprobar tal aseveración. Véase *The Coca-Cola Co. v. Mun. de Carolina*, 130 D.P.R. 213 (1992), votos separados de los Jueces Asociados Señores Negrón García y Rebollo López.

[3] Del Memorando de Costas, Apéndice, págs. 39-40, se desprenden los gastos siguientes:

"a) Agrimensor Antonio Lopez Gallardo: $1,000.00

"Honorarios del perito agrimensor por consultas profesionales y por levantar el plano de mensura del solar 312(b) que se admitió en evidencia como el Exhibit I de la parte demandada.

"b) Luis Reyes Vazquez & Assoc.: 225.00

A su debido tiempo, la demandante presentó su oposición al referido Memorando de Costas. El tribunal *a quo* declaró sin lugar dicho memorando mediante la orden siguiente:

Se desaprueba el Memo de Costas de la demandada, *parte perdidosa en el pleito.* (Énfasis suplido.) Apéndice, pág. 51.

La demandada recurrió ante nosotros mediante solicitud de *certiorari*, cuestionando tal determinación del tribunal. Alegó ser la parte victoriosa en cuanto a la solicitud reivindicatoria, reclamación que aunque fue acumulada con la de daños, es una independiente de ésta.

Atendido el recurso, ordenamos a la parte recurrida a que mostrara causa por la cual no debíamos dictar sentencia condenándole al pago de las costas en que incurrieron los demandados peticionarios para defenderse en el reclamo reivindicatorio, en el cual resultaron estos últimos victoriosos.

La recurrida ha comparecido. Resolvemos según lo intimado.

## II

La Regla 44.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone en cuanto a costas lo siguiente:

---

"Honorarios por estudios de título realizados en las fincas individuales que posteriormente fueron agrupadas por J.T.P. Development.

"c) Ing. Jose A. Ramos: 3,600.00

"Honorarios del ingeniero perito de la parte demandada por consultas, asesoramiento en cuanto a la controversia de la colindancia y comparecencia en corte.

"d) Secretaria Tribunal Superior: 1,250.00

"Honorarios del perito del Tribunal consignados en la Secretaría del Tribunal Superior.

"e) Lewis Page & Assoc.: 355.00

"Honorarios del estenotipista de record [sic] por la comparecencia y transcripción de la deposición del señor Dumit Azizi tomada como parte del descubrimiento de prueba en el presente caso.

"Total $6,430.00." Apéndice, págs. 39–40.

Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que se dispusiera lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que un litigante debe reembolsar a otro.

■ Dicha disposición, en su función reparadora, tiene el propósito de resarcir a la parte victoriosa los gastos necesarios y razonables en que incurrió durante el litigio. *Garriga, Jr. v. Tribunal Superior*, 88 D.P.R. 245, 253 (1963); *Rodríguez Cancel v. A.E.E.*, 116 D.P.R. 443, 461 (1985); *Pérez Pascual v. Vega Rodríguez*, 124 D.P.R. 529 (1989).[4] Después de todo, el derecho de la parte vencedora "no debe quedar menguado por los gastos en que tuvo que incurrir sin su culpa y por culpa del adversario". *Garriga, Jr. v. Tribunal Superior*, supra, pág. 253.

La Regla 44.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, cuenta también con un segundo fin de índole disuasivo: desalentar los pleitos temerarios y superfluos. *Garriga, Jr. v. Tribunal Superior*, supra, pág. 253.

Ahora bien, no todos los gastos del litigio son recobrables mediante costas. Por disposición de la propia Regla 44.1 de Procedimiento Civil, *supra*, la parte podrá recobrar sólo aquellos "gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que un litigante debe reembolsar a otro". Regla 44.1(a) de Procedimiento Civil, *supra*.

■ En nuestra jurisdicción impera la norma de que la

---

(4) Al hacer un interesante estudio histórico del origen del concepto de costas, que se remonta a los albores del Derecho, el Tribunal en *Garriga, Jr. v. Tribunal Superior*, 88 D.P.R. 245, 250 (1963), señaló que:

"Surge universalmente, aunque lentamente, el principio de que los gastos del pleito debe pagarlos el litigante que reclama aquello a lo cual no tiene razón, el que por su conducta obliga al que la tiene a defenderse o recurrir a los tribunales para hacer valer su derecho, y el que litiga con el propósito de retardar la justicia."

imposición de costas a la parte vencida es mandatoria. *Colondres Vélez v. Bayrón Vélez*, 114 D.P.R. 833, 839 (1983); *Santos Bermúdez v. Texaco P.R., Inc.*, 123 D.P.R. 351 (1989). Conforme a ello, al presentársele oportunamente a un tribunal un Memorando de Costas, el tribunal habrá de hacer dos (2) determinaciones previas a la concesión de las mismas:

1. Cuál, si alguna, fue "la parte a cuyo favor se resolvió el pleito", es decir, quién fue el litigante vencedor.

2. Cuáles gastos, de aquellos en que se incurrió, fueron necesarios y razonables.

En cuanto a la primera determinación, generalmente resulta fácil identificar cuál es la parte a cuyo favor se resolvió el pleito. Sin embargo, la acumulación de más de una reclamación dificulta a veces la tarea de identificar quién es la parte victoriosa a los fines de conceder costas. Surge en estos casos la posibilidad de que cada parte en el pleito salga victoriosa en una o algunas de las reclamaciones acumuladas.[5]

Al discutir la Regla 54(d) de Procedimiento Civil federal, 28 U.S.C.,[6] y reglas estatales similares, se ha dicho que cuando tanto la parte demandante como la demandada prevalecen, el tribunal puede denegar las costas a ambas partes. *Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.*, 898 F.2d 512 (7mo Cir. 1990); 3 *Moore's Manual, Federal Practice and Procedure* Sec. 25.06[2] (Supp. 1995). Por otro

---

[5] El tema ha sido objeto de discusión en las jurisdicciones norteamericanas. Véanse: Anotación, *Who is the "Succesful Party" or "Prevailing Party" for Purposes of Awarding Costs Where Both Parties Prevail on Affirmative Claims*, 66 A.L.R.3d 1115 (1975); Anotación, *Right to Costs Where Judgment is Against Plaintiff on His Complaint and Against Defendant on His Counterclaim*, 75 A.L.R. 1400 (1931); Anotación, *Dismissal of Plaintiff's Action as Entitling Defendant to Recover Attorney's Fees or Costs as "Prevailing Party" or "Successful Party"*, 66 A.L.R.3d 1087 (1975).

[6] La Regla 54(d) de Procedimiento Civil federal, análoga a nuestra Regla 44.1, 32 L.P.R.A. Ap. III, dispone, en lo pertinente:

"(d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs ... ." Fed. Rules Civ. Proc. rule 54(d), 28 U.S.C.

lado, cuando un demandante ha presentado múltiples reclamos y resultó victorioso en tan sólo uno, los tribunales le han concedido las costas al demandado. 4 *Kooman, Federal Civil Practice* Sec. 54.15 (1975). Otras veces, los tribunales han prorrateado las costas entre las partes que han obtenido algún remedio, aunque no en su totalidad. 10 *Wright, Miller and Kane, Federal Practice and Procedure* Sec. 2667 (1983). En fin, las cortes norteamericanas no han sido uniformes al conceder costas cuando hay varias reclamaciones implicadas en el pleito. Y es que "[t]here has been many cases written on the allowance of costs and *most of them peculiar to their own circumstance*". (Énfasis suplido.) *S.A. Hirsh Manufacturing Company v. Childs*, 157 F. Supp. 183, 184 (W.D. Penn. 1957).

Frecuentemente, el prorrateo de costas entre las partes ha descansado en la sana discreción (a veces salomónica) del juzgador. Por ejemplo, en *Steel Const. Co. v. Louisiana Highway Commission*, 60 F. Supp. 183, 192–193 (E.D. La. 1945), el tribunal expresó lo siguiente:

> Of the twenty-six items involved in this controversy only one, relating to the balance due on the final estimate, has merit, and the greater portion of that item was not in controversy. I think nine-tenths of this record is fairly attributable to matters in which plaintiff has been unsuccessful, and that the costs should be apportioned on the basis of ninety per cent. against the plaintiff and ten per cent. against defendant.

En *Moran v. Lewis*, 41 A.2d 905 (1945), ocurrió una situación de hechos parecida a la del caso de autos, en el sentido de que tanto el demandante como el demandado obtuvieron remedios a su favor. El tribunal de instancia dictó sentencia a favor. del demandante por $111.75, más costas, y también declaró con lugar la reconvención del demandado por $10.50, también con las costas. El demandante, entonces, cuestionó la concesión de costas al demandado. La corte resolvió que, a pesar de que el demandante obtuvo un remedio a su favor, el tribunal de ins-

tancia correctamente concedió costas al demandado en su reconvención ya que esta última se interpuso como resultado de una transacción *separada* y *distinta* a la reclamada en la demanda. *Moran v. Lewis*, supra, pág. 905.

En Puerto Rico no ha habido considerable discusión sobre la controversia ante nosotros. Sólo en *Autoridad Sobre Hogares v. Colón*, 73 D.P.R. 215 (1952), se presentó una situación *parecida* a la del caso de autos. Allí, el tribunal de instancia declaró con lugar la demanda de expropiación forzosa, aunque determinó que el valor razonable y justo de la finca era mayor que el alegado por la Autoridad. Por esta razón, el demandado pidió que se le impusieran las costas a dicha demandante. El tribunal de instancia no impuso el pago de costas a ninguna de las partes. Al resolver que el tribunal *a quo* no erró al no condenar a la demandante al pago de costas, expresamos lo siguiente:

> Bastará decir que si bien de acuerdo con la Ley 94 del 1937 los tribunales están en el deber de conceder costas a la parte a cuyo favor se dicta cualquier sentencia o resolución final, sin embargo, en el caso de autos no es posible decir que la sentencia fuera en su totalidad favorable a los demandados. Es indiscutible que la expropiación de la finca se decretó en favor de la demandante. A ese respecto la sentencia fu[e] favorable a ella. Si bien en la demanda se alegó que el valor razonable y justo de la finca lo era la cantidad de $14,828.25 y el tribunal en su sentencia llega a la conclusión de que tal valor lo constituía la suma de $37,000, y condenó a la demandante a pagar a los demandados la diferencia ... no por ello la sentencia resultaba totalmente a favor de los demandados. La verdad es que la sentencia en parte se dictó a favor de la demandante y en parte a favor de los demandados. *Autoridad Sobre Hogares v. Colón*, supra, pág. 222.

Parece ser, entonces, que si la sentencia no produce una parte victoriosa por completo, el juzgador tiene discreción para denegar la concesión de costas a favor de todas las partes. Esta conclusión, aunque correcta para algunos casos, resulta un tanto desorientadora bajo otras circunstancias. Veamos.

## IV

De la Regla 44.1 de Procedimiento Civil, *supra*, no surge una definición precisa del concepto "parte victoriosa" que se ajuste a toda situación de hechos. Hoy, como en *Garriga, Jr. v. Tribunal Superior*, supra, nos encontramos ante "la curiosa situación de que estamos en busca de nuestra propia intención" en torno a las Reglas de Procedimiento Civil.

■ Nuestro ordenamiento procesal valora la economía y rapidez en la tramitación de los pleitos. Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Conforme a ello, nuestras reglas permiten la acumulación, en una demanda, de todas las reclamaciones que tenga un demandante contra su parte adversa. Reglas 14.1 y 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Esas reclamaciones acumuladas pueden ser alternativas o independientes.

En virtud de la Regla 14.1 de Procedimiento Civil, *supra*, la demandante J.T.P. acumuló en una misma demanda dos (2) reclamaciones *independientes*: una reivindicatoria y otra por daños y perjuicios. Esta última reclamación correspondió a los daños causados por Majestic a la propiedad de J.T.P. durante la construcción de la obra por aquélla. A diferencia del pleito en *Autoridad Sobre Hogares v. Colón*, supra, que trataba de *una* acción (expropiación), en el caso de autos se acumularon dos (2) reclamaciones que en nada tienen que ver la una con la otra. Son independientes. De hecho, la demanda de daños fue declarada con lugar, mientras que la reivindicatoria no prosperó. J.T.P. resultó victoriosa en su acción de daños y perjuicios.

En cuanto al pleito reivindicatorio, resulta claro que Majestic fue la parte vencedora. No cabe duda que si la acción reivindicatoria se hubiese presentado en un pleito separado del reclamo de daños y perjuicios, Majestic hubiera resultado merecedora de las costas de ese litigio. El

hecho de que el demandante haya decidido acumular dos (2) reclamaciones independientes en una misma demanda, tal y como lo permite nuestro ordenamiento procesal, no debe afectar la concesión de costas. Además, nos parece que denegar a la parte peticionaria el derecho a reclamar las costas en que incurrió al defenderse exitosamente ante la acción reivindicatoria presentada por los demandantes lastimaría la norma rectora de justicia y equidad que debe reinar en nuestros tribunales. *Aguilar v. Vázquez*, 6 D.P.R. 1 (1904).

■ Resolvemos, pues, en cuanto a la concesión de costas, que la parte victoriosa es aquella a cuyo favor se resuelve una reclamación independiente, *a los fines de esa reclamación*, aun cuando en el litigio se hayan acumulado otras reclamaciones.

## V

Resuelto el hecho de que, en cuanto a la reclamación de reivindicación, Majestic resultó ser la parte victoriosa, resta por determinar cuáles de los gastos en que ésta incurrió para defenderse exitosamente en tal acción impondrá este Tribunal como costas, y cuáles serán devueltos a instancia para que resuelva respecto a su concesión.

■ Repetidas veces hemos dicho que, "[c]omo regla general, la compensación del *perito del tribunal*, aunque en su origen pueda ser compartida por los litigantes, *es recobrable como costas por la parte victoriosa*. Regla 59(B) de Evidencia". (Énfasis suplido.) *Toppel v. Toppel*, 114 D.P.R. 16, 22 (1983). Véase, además, *Andino Nieves v. A.A.A.*, 123 D.P.R. 712, 716 (1989). A sugerencia del tribunal *a quo*, las partes en este caso acordaron que se nombrara un perito agrimensor y consignaron sus honorarios. Este perito del tribunal fue utilizado para resolver la controversia en torno a los predios. Procede, entonces, que la peticionaria,

como parte victoriosa en la reclamación reivindicatoria, recobre como costas los honorarios de dicho perito del tribunal.

■ En cuanto a los peritos de parte, su compensación por vía de costas no es automática. *Meléndez v. Levitt & Sons of P.R.*, 104 D.P.R. 797, 811 (1976); *Toppel v. Toppel*, supra, pág. 22; *Rodríguez Cancel v. A.E.E.*, 116 D.P.R. 443, 461 (1985); *Andino Nieves v. A.A.A.*, supra, pág. 716. El tribunal *a quo* los concederá a su discreción evaluando su naturaleza y utilidad a los fines de determinar si el testimonio pericial presentado era necesario para que prevaleciera la teoría del que reclama los mismos. Los gastos en que incurrió para obtener deposiciones también son recobrables como costas si el tribunal estima que fueron necesarios. *Pereira v. I.B.E.C.*, 95 D.P.R. 28, 78 (1967); *Lehman v. Ehret, Inc.*, 103 D.P.R. 264, 270 esc. 4 (1975). A la luz de lo anterior, procede que devolvamos el caso a instancia para que el juzgador determine si procede, total o parcialmente, la concesión de las costas reclamadas por los gastos en que Majestic incurrió en cuanto a los peritos contratados por esa parte y por la toma de la deposición al Sr. Dumit Azizi, según reclamados en su Memorando de Costas.

Por todo lo cual, *se dictará sentencia revocando la resolución recurrida y se le ordena a la parte recurrida J.T.P. a pagar a la recurrente la suma de $1,250 por concepto de costas por los honorarios pagados por ésta al perito del tribunal. Se devuelve el caso para que el tribunal, a su discreción y conforme a lo que hoy resolvemos, determine la procedencia de las costas reclamadas por los peticionarios para defenderse de la acción reivindicatoria en la cual éstos resultaron victoriosos.*

La Juez Asociado Señora Naveira de Rodón disiente por entender que la jurisdicción de este Tribunal debe acreditarse al presentarse el recurso. La acreditación de la juris-

dicción pasado el término para presentar el recurso no subana dicha omisión ni cura el defecto de falta de jurisdicción. El Juez Asociado Señor Hernández Denton se une al voto de la Juez Asociada Señora Naveira de Rodón.