Miranda De Hostos, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Conforme lo dispone el Artículo 9.004 de la Ley Núm. 201 de agosto de 2003, conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, se acoge el recurso de revisión judicial como certiorari y se deniega ser expedido el auto, por los siguientes fundamentos.
I
La parte peticionaria Tomasa del Valle y su esposo Ronald Hamill Rodríguez, son propietarios del Apartamento 10 del Edificio 10 del Boulevard Parque Escorial en Carolina. Dicha propiedad fue adquirida el 2 de julio de 2001, por la paite peticionaria mediante compraventa con Jalexis, Inc., por el precio de $156,000.00 dólares. Para el 8 de octubre de 2001, la parte peticionaria le notificó mediante carta al señor Joel A. Katz, Presidente de Jalexis Inc., que el apartamento tenía alegadamente varios vicios de construcción, entre ellos los siguientes:

“A. Puertas

a. La puerta de entrada fue remplazada, pero la misma no ha sido pintada ni terminada a satisfacción nuestra.

b. También la puerta del cuarto central no ha sido pintada y los encargados de las puertas se rehúsan a realizar este trabajo.

c. Las puertas el cuarto master y la de la lavandería tienen imperfecciones, las cuales interesamos sean corregidas.

B. Lozas

a. Problemas con lozas de los pisos huecas y rotas por todo el apartamento.

C. Sistema de escape de la secadora

*1141
a. Este sistema demuestra ser ineficiente o es (sic) en desperfecto, pues cuando se hace uso de 1a secadora la misma tiene que ser utilizada en múltiples ocasiones para que sea efectiva, pues el escape es ineficiente. Esta situación crea humedad en las paredes y un calor excesivo en este cuarto.

D. Baños del pasillo

a. Las (sic) bañera del pasillo se encuentra con desperfectos y tienen puntos de moho el cual se ha indicado en las reclamaciones, pero esta situación ha sido totalmente ignorada.

E. Baño Master

a. El gabinete tiene hongo en la madera y expide un olor intolerable, el cual no permite se uso.

F. Cocina

а. Fuerte olor a humedad que emana de los gabinetes y las gavetas de toda el área de la cocina.

G. Emanación de Olores

A. En la entrada del apartamento, por la pared donde se ubica la tubería común, se emana un olor a ORIN (sic) insoportable, el cual impide el disfrute de nuestro apartamento. Esta es la condición mas (sic) crítica e insoportable y rogamos se le de prioridad, pues es infrahumano el tener que soportar este OLOR tan desagradable. ”

(Exh. 1, págs. 26-27.)
Por razón de que la parte recurrida Diskin Construction, Corp. y Jalexis, Inc. et als., alegadamente no cumplieron con los requerimientos que le hiciera la peticionaria, el 17 de octubre de 2001, dicha parte acudió ante DACO mediante querella, alegando, en síntesis, los vicios de constmcción antes mencionados. El remedio que solicitó la parte peticionaria en su querella ante DACO fue, “que arreglen todos los defectos lo antes posible”. (Ap. 1, pág. 1.)
Como parte del trámite ante la agencia administrativa, el 17 de diciembre de 2001, un técnico de DACO realizó una inspección del apartamento y rindió un informe en el cual llegó a varios hallazgos entre ellos:

“1- olor a hongo en gabinetes encima de estufa al lado de la nevera.

2- humedad en piso de la sala, family room y comedor.

3- grietas y humedad querellada corrigió.

4. puertas de entrada fue reemplazada por la querellada.

5. puerta del cuarto central no ha sido pintada.

б. puertas del cuarto master y laundry tienen impeifecciones.

7- losas de los pisos huecas y rotas querellante corrigió.

8- el sistema de escape de la secadora es ineficiente debido a que crea humedad en las paredes y un calor 
*1142
excesivo en el cuarto.

9- bañera del pasillo tiene puntos de moho.

10- tope del lavamanos esta (sic) rayado baño (sic) pasillo.

11- Gabinete madera expide un fuerte olor a húmedad (sic) baño (sic) pasillo.

12- Gabinete emana olor intolerable a humedad en el baño (sic) master.

13- Mezcladora baño del master esta (sic) defectuosa parte querellada corrigió.

14- Gabinete de la cocina olor a humedad y las gavetas.

15- Tope manchado de la barra.

16- EN LA ENTRADA PRINCIPAL DEL APARTAMENTO POR LA PARED DONDE SU UBICA LA TUBERIA COMUN (sic) EMANA UN FUETE OLORA ORIN (sic).

ESTIMADO:

1 - LOS DEFECTOS 1, 2, 11, 12 Y 14 NO SE PUEDEN ESTIMAR DEBIDO A QUE NO SE SABE LA PROCEDENCIA DE LA HUMEDAD.

2- DEFECTOS 5Y6 CHEQUEAR PUERTAS Y PINTAR —US 175.00

3- DEFECTO #8 CORROBORAR LINEA DELA SECADORA -US $75.00

4- DEFECTO #9 REPARAR BAÑERA-. — .-US $250.00

5- CORREGIR O REEMPLAZAR TOPE DE LAVAMANOS-US $275.00

6- CORREGIR REEMPLAZAR TOPE DE LA BARRA — .US $250.00
7- DEFECTO NUM. 16 CHEQUEAR TUBERIA AREA COMUN — US $150.00

TOTAL--$1,175.00”

(Exh. 2, pág. 28-29.)
Luego de varios trámites ante DACO, la parte peticionaria, el 24 de abril de 2002, enmendó la querella haciendo constar que los hongos y el mal olor, habían causado problemas de salud y solicitaba además como remedio:

“QUE LA FIRMA QUERELLADA SE ENCARGUE DE REEMBOLSAR TODO EL DINERO QUE LA QUERELLANTE TENGA QUE INCURRIR PARA SABER DE DONDE PROVIENE EL PROBLEMA QUE LA FIRMA QUERELLADA NO A (SIC) PODIDO REPARAR O RESOLVER, YA QUE SOLO DICEN QUE ES UN MISTERIO. ”

(Ap. 2, pág. 2.)
*1143 Como consecuencia de la enmienda a la querella presentada por la parte peticionaria, el 25 de noviembre de 2002, funcionarios técnicos de DACO realizaron otra inspección al apartamento y concluyeron que no se observaban hongos en los gabinetes de la cocina y que el olor de humedad, era el resultado de que el apartamento siempre se encontraba cerrado sin ventilación alguna. Además, no se pudo establecer por la parte peticionaria que la alegada condición de los hongos era exclusiva del apartamento o de áreas comunes ambientales.
Una vez celebrada la vista administrativa a la cual no compareció la parte recurrida Jalexis, Inc. y Diskin Construction, Corp., y conforme la prueba testifical y pericial presentada, DACO resolvió que los defectos de construcción del apartamento tenían que ser corregidos, pero las alegaciones sobre hongos, mal olor y bacterias no pudieron ser sustentadas. Por lo tanto, resolvió DACO que todos los defectos encontrados por el inspector, según consignados en el informe de 17 de diciembre de 2001, tenían que ser corregidos o, en su defecto, el pago de $1,175.00 que fue el costo estimado para repararlo. {Véase, Exh. 2, págs. 28-29; Resolución de DACO, Ap. 3, pág. 8.)
Inconforme con tal dictamen, la parte peticionaria acude ante nos en revisión judicial.
II
Expuesto el trámite del caso ante DACO, procedemos a discutir la norma jurídica aplicable.
Alega la parte peticionaria que incidió DACO al emitir su dictamen, cuando tuvo prueba ante sí de vicios de construcción en el apartamento que daban lugar a rescindir el contrato y conceder daños y perjuicios.
No le asiste la razón y el derecho. Veamos porqué.
A
La jurisdicción investigativa de DACO
El Artículo 6(d) de la Ley Orgánica de DACO dispone que el propósito primordial de dicho estatuto es el de “vindicar los derechos del consumidor de una forma agresiva y simple”. 3 L.P.R.A. sec. 3413; Ferrer Rodríguez v. Figueroa, 109 D.P.R. 398, 400 (1990).
El proceso ante DACO está dirigido a que sea uno sencillo, poco costoso y ágil, para la dilucidación de las reclamaciones de los consumidores frente a las empresas con las cuales realizaron los convenios o acuerdos de servicios o de adquisición de bienes. Rivera v. A & C Development Corp., 114 D.P.R. 450, 481 (1997); Hernández Denton v. Quiñones Disdier, 102 D.P.R. 218, 223 (1974).
El Reglamento de Procedimientos Adjudicativos de DACO Número 6219 de 2000 (Reglamento de DACO), dispone en su Regla 7.1(e) que la querella que se presente ante DACO incluirá:

“Remedio solicitado y la valorización del mismo, en adición a cualquier suma de dinero que se reclame. Se podrán solicitar remedios altemos. Las partes podrán solicitar indemnización por concepto de daños y perjuicios que surjan como consecuencia de la reclamación original. ”

La resolución emitida por DACO otorgará el remedio que en derecho proceda, aun cuando la parte querellante no lo haya solicitado, cuando ésta se pruebe y así surja del expediente. Regla 26, Reglamento de DACO, supra.
Por último, el Reglamento de DACO dispone en su Regla 26.3, supra, que se ordenará el pago de costas a la parte perdidosa, según lo dispuesto en la Regla 44 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Se ha definido como costas, inclusive los honorarios de peritos, los gastos necesarios para la tramitación de la reclamación y para *1144 prevalecer en la teoría del promovente. J.T.P. Dev. Corp. v. Majestic Realty Corp., 130 D.P.R. 456, 466 (1992).
Estos principios esbozados en el Reglamento de DACO, descansan en la norma constitucional que ninguna persona sea privada de su libertad o de su propiedad sin adecuada notificación de la reclamación en su contra y que la decisión se fundamente en prueba presentada que obre en el expediente del foro que adjudicó la controversia. Art. II, Sec. 7, Constitución de Puerto Rico, 1 L.P.R.A.; Rosario & Ass., Inc. v. Dept. de la Familia, opinión de 21 de junio de 2002, 2002 J.T.S. 93, pág. 1343; Ortiz Cruz v. Junta Hípica, 101 D.P.R. 791, 795 (1973).
B
Alcances de la revisión
Es norma de revisión judicial reiteradamente establecida que se presume la corrección de los dictámenes de las agencias administrativas y merecen el mayor respeto y deferencia, a menos que sean irrazonables o arbitrarias. Aquél que impugne la decisión administrativa tiene que demostrar que la misma es contraria a derecho. San Antonio Martime v. P.R. Cement Co., opinión de 15 de febrero de 2001, 2001 J.T.S. 20, pág. 861; Castillo Camacho v. Departamento del Trabajo, opinión de 29 de septiembre de 2000, 2000 J.T.S. 154, pág. 146. (Casos citados.)
Al determinar si se expide un recurso de revisión judicial, se debe tomar en consideración lo siguiente: 1) si la resolución o decisión de la agencia administrativa es contraria a derecho, o resulta una actuación ilegal, arbitraria o caprichosa; 2) si la decisión está apoyada en evidencia sustancial en el expediente administrativo; y 3) si la expedición de la revisión judicial evita un fracaso de la justicia. See. 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2175; P.R.T.Co. v. Junta de Reglamentación de Telecomunicaciones de Puerto Rico, opinión de 12 de junio de 2000, 2000 J.T.S. 98, pág. 1266. (Casos citados.)
Por último, DACO, como agencia protectora de los derechos del consumidor, tiene el peritaje necesario a través de sus inspectores, para analizar las querellas sobre vicios de construcción y rendir los informes pertinentes, siempre guardando los mejores intereses de los dueños de las viviendas. Rivera v. A & C Development Corp., supra, pág. 481.
III
Aplicación de la norma jurídica
La parte peticionaria solicitó en la querella presentada ante DACO que se le reparara el apartamento de los alegados vicios causados por el hongo y el mal olor, y el reembolso que ésta incurriera por corregir tales deficiencias.
Es un hecho incontrovertible que DACO, en el descargo de su política pública, asignó en dos (2) ocasiones a un técnico para que evaluara e informara sobre los alegados daños presentados en la querella por la parte peticionaria. El inspector de DACO emitió los informes de sus inspecciones e hizo recomendaciones específicas para su reparación y los costos de las mismas.
Celebrada la vista administrativa, aunque si bien es un hecho cierto que la parte recurrida no compareció, DACO evaluó la prueba que se presentó por la parte peticionaria y conforme su discreción, adjudicó que procedía ordenarse que se corrigieran los defectos de construcción alegados. No obstante, concluyó DACO que el mal olor y hongos producto de las alegadas bacterias en el apartamento, no eran atribuibles a los defectos de construcción o diseño, sino más bien por el hecho de que el apartamento se encontraba la mayor parte del tiempo cerrado sin ventilación.
*1145 Considerando que DACO adjudicó la controversia conforme a toda la prueba que tuvo ante sí, y en ausencia de prueba por parte del peticionario que sus conclusiones son irrazonables o arbitrarias, no procede que en revisión se intervengan con las mismas. Todo ello con más razón, cuando DACO goza de una presunción de corrección en sus resoluciones, dado el peritaje que tienen sus técnicos para evaluar las condiciones de los alegados defectos de construcción que se plantearon en este caso.
La prueba presentada por la parte peticionaria, no fue suficiente para que DACO concluyera que los hongos y el mal olor eran vicios de construcción, y para resolver que provocaban la ruina del inmueble. Por lo tanto, no tenía la parte peticionaria, inclusive, derecho al reembolso como costas del gasto que incurrió para sustentar su alegación referente a la procedencia de los hongos y del mal olor, pues no pudo así probarlo. Ante tales circunstancias, nos es forzoso concluir que DACO resolvió la controversia conforme a derecho.
IV
Por los fundamentos antes esbozados, denegamos expedir el auto de certiorari solicitado.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General