Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| ROSA H. ROBLES GONZÁLEZ<br><br>Peticionaria<br><br>v.<br><br>JORGE I. FIGUEROA HERNÁNDEZ Y OTROS<br><br>Recurridos | KLCE202401184 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Coamo<br><br>Caso número:<br>CO2021CV00321<br><br>Sobre:<br>Daños y perjuicios, obras colindantes |
|---|---|---|

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de noviembre de 2024.

Comparece la parte peticionaria, Rosa H. Robles González, Sonia D. Colón Ortiz, Luis Antonio Colón Caratini y la Sociedad Legal de Gananciales compuesta por ambos, mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Coamo, el 26 de septiembre de 2024, notificada al día siguiente. Mediante el referido dictamen, el foro primario, en esencia, declaró Ha Lugar el memorando de costas presentado por la parte recurrida, Jorge I. Figueroa Hernández, Glariel Berrios Alvarado y la Sociedad Legal de Gananciales compuesta por ambos.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

### I

El 29 de abril de 2024 y el 11 de julio del mismo año,[1] se celebró un juicio en su fondo, sobre una *Demanda*, posteriormente

---

[1] Apéndice del recurso, págs. 1-6.

Número Identificador

RES2024 _____

enmendada,[2] incoada por Rosa H. Robles González, Sonia D. Colón Ortiz, Luis Antonio Colón Caratini y la Sociedad Legal de Gananciales compuesta por ambos (peticionarios), relacionada a obras colindantes, así como daños y perjuicios, en contra de Jorge I. Figueroa Hernández, Glariel Berrios Alvarado y la Sociedad Legal de Gananciales compuesta por ambos (recurridos).[3] En lo pertinente, la parte peticionaria presentó el testimonio del perito ingeniero Juan R. Martínez Martínez (perito Martínez Martínez), mientras que la parte recurrida presentó el testimonio del perito ingeniero Félix M. López Ortiz (perito López Ortiz). Además, en lo aquí atinente, se admitió como Exhibit #1 de la Parte Demandante el *Informe Pericial* preparado por el perito Martínez Martínez y el *Informe Pericial*, confeccionado por el perito López Ortiz, como el Exhibit #5 de la Parte Demandada.

Aquilatada la prueba testifical y documental, el 28 de agosto de 2024, notificada el 30 del mismo mes y año, el Tribunal de Primera Instancia emitió una *Sentencia*, mediante la cual declaró No Ha Lugar la acción de epígrafe.[4]

Posteriormente, el 5 de septiembre de 2024, la parte recurrida presentó un *Memorando de Costas*.[5] En síntesis, arguyó que, por ser la parte vencedora en el litigio, tenía derecho al reembolso de los gastos en la tramitación del pleito, ascendentes a $10,155.00. Desglosó los referidos gastos de la siguiente forma: $90.00, por los derechos arancelarios; $940.00, por los servicios de la taquígrafa y la transcripción de la deposición tomada al perito Martínez Martínez; $150.00, por el diligenciamiento de la *Orden* sobre el expediente médico de la señora Sonia D. Colón Ortiz en la oficina del doctor Manuel Brignoni Román en Ponce; $25.00, por la copia del referido

---

[2] Entradas Núm. 5, 7, 18 y 19 del Caso Núm. CO2021CV00321 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Entrada Núm. 1 del Caso Núm. CO2021CV00321 en el SUMAC.
[4] Apéndice del recurso, págs. 7-19.
[5] Íd., págs. 20-21.

expediente médico; $150.00, por el recogido del mencionado expediente; y $8,800.00, por los honorarios periciales adeudados al perito López Ortiz, la redacción del informe pericial, así como la preparación y comparecencia de este al juicio.

En desacuerdo, el 23 de septiembre de 2024, la parte peticionaria se opuso.[6] Argumentó que fue la parte recurrida quien insistió y consiguió que se utilizaran los peritos en el caso de epígrafe. Asimismo, sostuvo que dicha parte fue quien optó por deponer al perito de la peticionaria, al cual estuvo obligada a contratar por insistencia de la parte recurrida. Arguyó que no había depuesto a nadie por entender que se trataba de un pleito regido por nuestro ordenamiento jurídico, que no requería prueba pericial. Alegó que el perito utilizado por la parte recurrida no visitó el lugar de los hechos, se limitó a elaborar un informe y testificó sobre información pública que no requería peritaje para obtenerse. Según adujo, la Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, dispone que las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación del pleito, pero en el caso de autos no era necesario contratar a un perito y, mucho menos, uno especializado en una materia distinta a lo que estaba en controversia.

Evaluadas las posturas de las partes, el 26 de septiembre de 2024, notificada al día siguiente, el Tribunal de Primera Instancia emitió la *Resolución* que nos ocupa.[7] En esencia, el foro primario declaró Ha Lugar el *Memorando de Costas* presentado por la parte recurrida y expresó que:

> En *J.T.P. [Dev.] Corp. v. Majestic Realty Corp.*, 130 DPR 456, 466 (1992), el Tribunal Supremo de Puerto Rico indicó, [con] relación [a] las costas de prueba pericial, que "[e]l tribunal *a quo* los concederá a su discreción evaluando su naturaleza y utilidad a los fines de determinar **si el testimonio pericial presentado era**

---

[6] Apéndice del recurso, págs. 30-33.
[7] Íd., pág. 35.

**necesario para que prevaleciera la teoría del que reclama los mismos**". (Énfasis suplido). *Véase, además, Maderas Tratadas v. Sun Alliance [et al.]*, 185 DPR 880 (2012). En este caso, este *[sic]* tribunal concluyó en la *Sentencia* emitida que la prueba pericial fue determinante para resolver la controversia.

A tenor con la Regla 44.1(a) de Procedimiento Civil, este tribunal aprueba el memorando de costas con modificación de las partidas. En consecuencia, la parte demandante pagará a la parte demandada las siguientes sumas:

1. Arancel primera comparecencia .......$90.00
2. Transcripción de deposición ..........$900.00
3. Honorarios de perito ...................$8,800.00
   Total ........................................$**9,790.00**

(Énfasis original). (Citas omitidas).

Inconforme, el 28 de octubre de 2024, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y realizó los siguientes señalamientos de error:

Err[ó] el Tribunal de Primera Instancia al sostener la facturación del testigo perito sin haber hecho un análisis cauteloso de si esta prueba era necesaria para probar el caso, o si era innecesaria, sin estimar el tiempo utilizado por este en la preparación de su informe pericial, el esfuerzo y la complejidad requerida en la preparación de este y el tiempo requerido para su comparecencia en la vista del caso en sus méritos.

Err[ó] el Tribunal de Primera Instancia sin *[sic]* requerirle a la [p]arte [d]emandante-[r]ecurrida [que] detallara y justificara la necesidad de incurrir en gastos de efectuar, para luego tener que transcribir, *[sic]* una deposición del [t]estigo [p]erito de la [p]arte [d]emandante-[r]ecurrente.

En cumplimiento con nuestra *Resolución* del 31 de octubre de 2024, la parte recurrida compareció mediante *Oposición a la Expedición del Auto de Certiorari* el 15 de noviembre del mismo año.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211

DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023); *Rivera et al. v.*

*Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria plantea como su primer señalamiento de error que el Tribunal de Primera Instancia incidió al sostener la facturación del testigo perito sin haber hecho un análisis cauteloso de si esa prueba era necesaria para probar el caso. En síntesis, sostiene que el foro primario emitió dicha determinación sin estimar el tiempo utilizado por el perito en la preparación de su informe pericial, el esfuerzo y la complejidad requerida en la preparación de este último, así como el tiempo requerido para su comparecencia en la vista del caso en sus méritos. En su segundo y último señalamiento de error, alega que el foro *a quo* erró al no requerirle a la parte recurrida que detallara y justificara la necesidad de incurrir en gastos para efectuar y transcribir una deposición del testigo perito de la parte peticionaria.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre los planteamientos que la parte peticionaria propone

ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al, esencialmente, declarar Ha Lugar el *Memorando de Costas*, promovido por la parte recurrida, ello a fin de que podamos soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar los documentos que obran en autos, concluimos que nuestra intervención no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones