Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| COSME COLÓN Y OTROS<br><br>Peticionarios<br><br>v.<br><br>MÁXIMO SOLAR INDUSTRIES INC. Y OTROS<br><br>Recurridos | KLCE202400166 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil núm. AG2020CV00169 (601)<br><br>Sobre: Acción Resolutoria y otros |

Panel integrado por su presidenta la jueza Ortiz Flores, el Juez Rivera Torres, la jueza Rivera Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece ante nos el Sr. Cosme Colón, la Sra. Yadira Regueira Álvarez y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto la parte peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI), el 10 de enero de 2024, notificada el mismo día. En dicha *Orden*, el foro primario atendió la *Solicitud de Aprobación de Memorando de Costas y Honorarios* presentada por la parte peticionaria en la cual solo aprobó $1,200 relacionados a los gastos de preparación y tiempo para el juicio del perito.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* solicitado y revocamos el dictamen recurrido.

### I.

El 9 de febrero de 2020, la parte peticionaria instó una demanda sobre fraude, dolo, incumplimiento de contrato y daños y perjuicios contractuales contra Máximo Solar Industries Inc.

(Máximo Solar o la parte recurrida), sus aseguradoras A, B, C, demandado desconocido y sus aseguradoras D, E y F.[1] En síntesis, adujo haber suscrito un contrato de obra y servicios con Máximo Solar para la instalación de un sistema de placas solares el cual en varias ocasiones no funcionó ni producía la energía esperada, 16 kilowatts. Estos solicitaron la resolución del contrato, la devolución de lo pagado, ascendente a $37,426, más $125,000 por los daños ocasionados según desglosados en la demanda.

Luego de varios trámites procesales incluyendo haberse celebrado el juicio en su fondo, el 18 de julio de 2023, notificada y archivada en autos el 20 de julio de 2023, el TPI dictó Sentencia ordenando "la Resolución de contrato suscrito entre las partes, y la devolución de la totalidad de lo pagado por la parte demandante, en un término no mayor de noventa días. Se ordena además a la parte demandada, remover todos los equipos instalados en la residencia, sin costo alguno a la parte demandante dentro del mismo término."[2] Asimismo, el TPI impuso $5,000 en concepto de honorarios de abogados por temeridad.[3]

El 28 de julio de 2023, la parte peticionaria presentó oportunamente *Memorando de Costas y Honorarios al Amparo de la Regla 41.1 de Procedimiento Civil*, acompañado con una declaración jurada, facturas de los servicios prestados por su perito, Dr. Juan F. Charles, factura del Sr. Efraín De Jesús por la comparecencia y transcripción de la toma de tres (3) deposiciones, y transacciones de pago al Hotel El Faro los días 2 y 3 de abril.[4]

En dicho *Memorando*, se detallaron las partidas de gastos y desembolsos "que fueron necesarios e incurridos como parte del

---

[1] Véase, Apéndice del Recurso, a las págs. 1-5.
[2] *Íd.*, a la pág. 169.
[3] *Íd.*
[4] *Íd.*, a las págs. 172-182.

trámite legal para la tramitación de este pleito",[5] de la siguiente manera:

   a. Sellos de Rentas Internas de presentación de la Demanda-- $90.00.
   b. Gastos de emplazamiento-- $80.00.
   c. Gastos ya pagados al perito Dr. Juan Charles. Total $10,344.00.
      (Desglose, véase facturas anejadas)
      -Informe pericial –$5,000.00 factura del 17 de agosto de 2019.
      -preparación Análisis para el caso-$1,560.00 factura del 29 de agosto del 2022.
      -consultas telefónicas— $500.00- factura del 27 de enero de 2021.
      -preparación para juicio y comparecencia al juicio en TPI de Aguadilla- $3,284.00.
   d. Acta Notarial - escritura número uno del 14 de diciembre del 2020, por la Lcda. Zory Mateo Cintrón- $350.00.
   e. Deposiciones Máximo Torres, Ing. Gerald Quintero y Sra. Ana Vélez- $332.00.
   f. Estadía en Hotel El Faro en Aguadilla (los demandantes, el perito y el representante legal de los demandantes)-- $674.10.
   g. Honorarios ya pagados al representante legal de los demandantes por escritos, deposiciones, 3 inspecciones oculares en el hogar-placas, consultas, comparecencias, reuniones con el perito, preparación del caso para juicio y juicio en su fondo, entre otros - 83hr a razón de $125.00/hr. Para un total de $10, 375.00.

El 31 de julio de 2023, el TPI emitió una notificación en la cual señaló que atendería "la solicitud de costas, una vez la sentencia advenga final y firme".[6]

El 21 de agosto de 2023, la parte peticionaria acudió ante esta Curia apelando la Sentencia dictada, el recurso apelativo fue designado alfanuméricamente como KLAN202300738. El 15 de noviembre de 2023, dictamos *Sentencia* en la que se confirmó el dictamen emitido por el TPI.[7]

Así las cosas, el 9 de enero de 2024, la parte peticionaria presentó *Solicitud de Aprobación de Memorando de Costas y Honorarios*. En dicho escrito, se le solicitó al TPI aprobar, sin oposición, el memorando de costas oportunamente presentado. Al día siguiente, Máximo Solar presentó moción intitulada *Impugnación*

---

[5] *Íd.*, pág. 172.
[6] *Íd.*, a la pág. 183.
[7] El Mandato fue emitido el 29 de diciembre de 2023.

*a Memorando de Costas y Honorarios.*[8]  Ese mismo día, 10 de enero de 2024, el TPI aprobó el *Memorando* de costas con las siguientes cuantías:

1. $750.00 por la preparación del juicio del Dr. Juan Charles a razón de $150.00 la hora por cinco horas.
2. $450.00 por tiempo en sala el día del juicio del Dr. Juan Charles a razón de $150.00 la hora por tres horas.

   Total aprobado: $1,200.00.

Inconforme, la parte peticionaria acude a este tribunal intermedio mediante el recurso de *certiorari* de epígrafe imputándole al foro de primera instancia haber incurrido en el siguiente error:

> EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA COMETIÓ ERROR DE DERECHO Y ABUSÓ DE SU DISCRECIÓN AL NO OTORGAR A LA PETICIONARIA LAS COSTAS Y HONORARIOS DE ABOGADO SOLICITADOS POR DICHA PARTE.

En atención a la determinación arribada, determinamos prescindir de trámite ulterior según nos faculta la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5).  Esta norma nos faculta para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho.

## II.

**Auto de *Certiorari***

La Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso discrecional del *certiorari* es el mecanismo adecuado para solicitar la revisión de las órdenes y las resoluciones dictadas por el Tribunal de Primera Instancia.  Sin embargo, esta regla no es extensiva a asuntos post-sentencia.  Por lo tanto, el único recurso disponible para revisar cualquier determinación posterior a dictarse una sentencia es el de *certiorari.*

---

[8] *Íd.*, a las págs. 190-192. Dicha moción fue declarada *No Ha Lugar* el 10 de enero de 2023, notificada ese mismo día. *Íd.*, a la pág. 196.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005); *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, supra, pág. 324; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016).

La Ley de la Judicatura, Ley núm. 201-2003, dispone en su Artículo 4.006 (b) que nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. 4 LPRA sec. 24y (b).

La expedición de un auto de *certiorari* debe evaluarse a la luz de los criterios enumerados por la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B. El tribunal tomará en consideración los siguientes criterios:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La precitada regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas anteriormente está presente en la petición de *certiorari*. De estar alguna presente, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. De lo contrario, estaremos impedidos de expedir el auto, y, por tanto, deberá prevalecer la determinación del foro recurrido.

En síntesis, estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por otro lado, el ejercicio de las facultades de los tribunales de primera instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154 (2000).

**Las Costas al Amparo de la Regla 44.1 de las Reglas de Procedimiento Civil**

La Regla 44.1, *supra*, 32 LPRA Ap. V, R. 44.1, rige la concesión de costas en nuestro ordenamiento. Esta disposición tiene una función reparadora, ya que permite el reembolso de los gastos necesarios y razonables en los que tuvo que incurrir la parte prevaleciente del pleito en la tramitación de este. *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880, 934 (2012); *Auto Servi, Inc. v. E.L.A.*, 142 DPR 321, 326 (1997); *J.T.P. Dev. Corp. v. Majestic Realty Corp.*, 130 DPR 456, 460 (1992). No se aprobarán gastos innecesarios, superfluos o extravagantes. *Garriga, Jr. v. Tribunal Superior*, 88 DPR 245, 257 (1963).

Esta norma procesal tiene dos (2) propósitos: (1) restituir lo que una parte perdió por hacer valer su derecho al ser obligada a litigar; y (2) "penalizar la litigación inmeritoria, temeraria, o viciosa [...]". *Auto Servi, Inc. v. E.L.A.*, supra, a las págs. 326-327; *Garriga, Jr. v. Tribunal Superior*, supra, a la pág. 253. Una vez se reclaman, la imposición de costas a favor de la parte victoriosa **es mandatoria**. *Maderas Tratadas v. Sun Alliance et al.*, supra, a la pág. 934; *Auto Servi, Inc. v. E.L.A.,* supra, a la pág. 326. No obstante, su concesión no opera de forma automática, ya que tiene que presentarse oportunamente un memorando de costas en el que se precisen los gastos incurridos. *Colón Santos v. Coop. Seg. Mult. P.R.*, 173 DPR 170, 187 (2008); *J.T.P. Dev. Corp. v. Majestic Realty Corp.*, supra, a la pág. 461.

Las costas que contempla la Regla 44.1, *supra*, son gastos: (a) necesarios; (b) incurridos; y (c) razonables. Su razonabilidad se entenderá dentro de la realidad económica de Puerto Rico y, en cuanto a los gastos personales, además, se tendrá en cuenta la condición económica de las personas concernidas (testigos y litigantes). *Garriga, Jr. v. Tribunal Superior*, supra, a la pág. 257. Las costas no incluyen honorarios de abogado. Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, Lexis Nexis, (2017), a la pág. 428.

El tribunal sentenciador deberá ejercer con moderación su discreción al conceder las costas, examinando cuidadosamente el memorando de costas, particularmente cuando las mismas sean objeto de impugnación. *Pereira v. I.B.E.C.*, 95 DPR 28, 79 (1967). En lo aquí pertinente, la Regla 44.1 en su inciso (b) dispone lo siguiente:

(b) Cómo se concederán. La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o

memorándum de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará bajo juramento de parte o mediante una certificación del abogado o de la abogada, y consignará que, según el entender de la parte reclamante o de su abogado o abogada, las partidas de gastos incluidas son correctas y **que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento**. **Si no hubiese impugnación, el tribunal aprobará el memorándum de costas y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas**. Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de *certiorari*. De haberse instado un recurso contra la sentencia, la revisión de la resolución sobre costas deberá consolidarse con dicho recurso. [Énfasis nuestro]

En cuanto a este inciso nos comenta el tratadista Hernandez Colón que "[s]i la parte contraria no impugna ese memorando de costas el tribunal puede aprobar el memorando o si entiende que hay alguna partida objetable concederá una vista al proponente y tomará la decisión que corresponda." Rafael Hernández Colón, *supra*, a la pág. 429. La regla es clara al disponer que el tribunal solo podrá eliminar cualquier partida que considere improcedente, luego de conceder al solicitante la oportunidad de justificar la misma. J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da. Edición, Publicaciones J.T.S., San Juan, 2011, Tomo IV, pág. 1270, citando a *Colón Santos v. Coop. Seg. Mult. P.R.,* supra, a la pág. 187.

Por último, destacamos que nuestro Alto Foro ya ha reconocido como costas recobrables los sellos de presentación de la demanda, gastos por emplazamiento y la transcripción de deposiciones necesarias, aunque no se usen en las vistas del caso.

*Garriga, Jr. v. Tribunal Superior*, supra, a las págs. 258–259; *Pereira v. I.B.E.C*, supra, a la pág. 78. A su vez, en cuanto a si procede o no el pago de los honorarios de peritos contratados por las partes, el tribunal "[tiene] que evaluar su naturaleza y utilidad a la luz de los hechos particulares del caso ante su consideración, teniendo la parte que los reclama el deber de demostrar que el testimonio pericial presentado era necesario para que prevaleciera su teoría". *Rodríguez Cancel v. A.E.E.*, 116 DPR 443, 461 (1985). "[D]eben tomarse en cuenta las credenciales que ostenta el experto designado para rendir una opinión sobre una materia en particular. También corresponde examinar el alcance de su testimonio, para de este modo estar en posición de aquilatar su utilidad en beneficio de la postura procesal de la parte que resulte victoriosa. Cónsono con lo anterior, se descartará en la medida en que éste resulte irrelevante, inmaterial o innecesario en la tramitación del caso del que solicita el rembolso." *Maderas Tratadas v. Sun Alliance et al.*, supra, a la pág. 936.

### III.

En esencia, la parte peticionaria señaló que el foro recurrido erró al no conceder las partidas solicitadas y reducir excesivamente las otorgadas.

Según discutimos, en nuestra jurisdicción, la imposición de costas a la parte vencida es obligatoria. Es decir, se concede el resarcimiento a la parte victoriosa por los gastos incurridos en el litigio. Por tanto, luego de que la parte triunfante presenta oportunamente el memorando de costas, el tribunal deberá determinar <u>qué gastos fueron necesarios y razonables</u>, y conceder las costas a dicha parte. Del trámite antes consignado surge que la parte peticionaria presentó oportunamente su memorando de costas. El foro primario dejó pendiente la adjudicación de las costas hasta tanto la sentencia adviniera final y firme.

Por otro lado, la parte recurrida no interpuso impugnación a dicho memorando de costas dentro de los diez (10) días a partir de su notificación según exige la Regla 44.1 (b), *supra*. En consecuencia, el referido foro quedó impedido de considerar la oposición por tardía. Así las cosas, el TPI tenía que actuar conforme dispone la antedicha regla en cuanto a que "aprobará el memorándum de costas y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas."

En el caso de autos, el *Memorando* contiene el desglose de las partidas que la parte peticionaria considera necesarias y razonables para la tramitación del caso. Además, acompañó con este las facturas y evidencia de las cuantías consignadas. Sin embargo, el foro recurrido, concedió como costas solo las horas de preparación y comparecencia al juicio del perito. En este sentido, el dictamen recurrido carece de fundamento que nos permita ejercer nuestra función revisora respecto al raciocinio utilizado por el foro de primera instancia para determinar no conceder las partidas consignadas en el memorando. Además, el TPI erró al eliminar las partidas desglosadas sin darle a la parte peticionaria la oportunidad de justificarlas.

Incluso, precisa destacar que del análisis del Anejo 2 que se acompañó con el *Memorando* surge que el foro recurrido disminuyó la cuantía que el perito indicó como sus honorarios (fee) por hora.[9] El perito consignó la hora a $200 y el TPI la redujo a $150 sin fundamento y sin haberle dado la oportunidad a la parte peticionaria para justificar dichos honorarios. De igual manera, el foro recurrido eliminó partidas que son claramente recobrables como son los gastos incurridos en los sellos de presentación de la

---

[9] Véase, Apéndice del Recurso, a la pág. 176.

demanda y los gastos de emplazamiento. A su vez, proceden los gastos incurridos en obtener deposiciones cuando estas son necesarias, aunque no se utilicen en el juicio.

En resumen, ante la oportuna presentación del Memorando de costas, le correspondía al TPI señalar aquellos gastos incurridos en la acción que consideró necesarios y razonables, y en cuanto aquellos gastos que entendiera no procedían tenía que conceder término a la parte peticionaria para justificar las mismas o señalar una vista a esos efectos. Por su parte, en cuanto a los gastos del perito, le corresponde al foro recurrido determinar su razonabilidad como es requerido por la jurisprudencia aplicable.

En consecuencia, el error se cometió por lo que procede devolver el asunto al TPI para el análisis de rigor conforme a lo dispuesto en la Regla 44.1 (b), *supra*, y la jurisprudencia antes consignada.

Por último, puntualizamos que, si bien los tribunales sentenciadores deben ejercer su discreción al conceder las costas con moderación, el *Memorando* debe ser examinando cuidadosamente.

**IV.**

Por los fundamentos antes expuestos, expedimos el recurso de *certiorari* solicitado y revocamos el dictamen recurrido. Devolvemos el caso al Tribunal de Primera Instancia, Sala Superior de Aguadilla, para que actúe conforme a lo aquí resuelto.

**Notifíquese**.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS<br>
Secretaria del Tribunal de Apelaciones