ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| RICHARD J. MITHUN<br><br>Demandante-Apelado<br><br>v.<br><br>JOSÉ LUIS RIVERA MORALES<br><br>Demandado-Apelante<br><br>AMANDA SOTO APONTE; VICENTE VÉLEZ<br>Co-demandados | KLAN202400388 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2021CV03992<br><br>Sobre: Incumplimiento de Contrato |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de mayo de 2024.

Comparece José Luis Rivera Morales (en adelante, señor Rivera Morales o apelante) mediante un recurso de *Apelación* para solicitarnos la revisión de la *Resolución* emitida el 17 de marzo de 2024 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, foro primario o TPI).[1] Mediante el dictamen apelado el foro primario declaró No HA Lugar una *Moción de Reconsideración* que presentó el señor Rivera Morales y se negó a imponer honorarios de abogado, toda vez que el Sr. Richard J. Mithun (en adelante, señor Mithun o apelado) no incurrió en temeridad.

Por los fundamentos que expondremos, se *confirma* el dictamen apelado.

I

El 7 de octubre de 2021, el señor Mithun presentó una *Demanda Enmendada* sobre daños y perjuicios en contra del señor

---

[1] Apéndice del recurso, a las págs. 565-566.

Número Identificador

SEN2024_____

Rivera Morales, su esposa, la Sra. Amanda Soto Aponte (en adelante, señora Soto Aponte) y el Sr. Vicente Vélez (en adelante, señor Vélez).[2] En síntesis, alegó que para noviembre de 2019, asumió un contrato de arrendamiento que se otorgó originalmente entre el señor Rivera Morales y la señora Soto Aponte y, la Sra. Lisa Fouquet y el Sr. Troy Fouquet (en adelante, señores Fouquet), respecto a la propiedad residencial que estaba localizada en la Urb. Paseos Las Olas, calle Delfín 013, Dorado, P.R. Arguyó, que el término de dicho contrato comenzó el 13 de octubre de 2019 y terminaba el 31 de octubre de 2021, y dos extensiones por un año cada una. Esbozó que, previo a la fecha de terminación del contrato, le comunicó al señor Rivera Morales su interés en comprar la propiedad, por lo que acordaron el precio de $350,000.00.

El apelante indicó que, el 16 de febrero de 2021, le entregó un cheque al señor Rivera Morales y a la señora Soto Aponte por la cantidad de $45,000.00, por concepto de pronto pago, ello, para formalizar el contrato de opción de compra. Además, sostuvo que desde que se formalizó el contrato de opción invirtió sobre $125,000.00 en mejoras a la propiedad. No obstante, arguyó que el 30 de junio de 2021, el señor Rivera Morales le comunicó al señor Mithun que su esposa, la señora Soto Aponte, no estaba inclinada a vender la propiedad. Asimismo, enfatizó que, el 16 de julio de 2021, la señora Soto Aponte llegó a la propiedad con el señor Vélez, quien se presentó como amigo del señor Rivera Morales y corredor de bienes raíces. Por último, esbozó que, para el 15 de agosto de 2021, el señor Vélez se comunicó con el apelante para notificarle que el señor Rivera Morales y la señora Soto Aponte estaban dispuestos a vender la propiedad por la suma de $650,000.00 y, que la

---

[2] *Id.*, a las págs. 1-7.

diferencia con el precio previamente pactado se debió a cambios en el mercado.

El apelado razonó que el señor Vélez interfirió torticeramente en su relación contractual con el señor Rivera Morales, para devengar una comisión de dicha propiedad. A su vez, señaló que la señora Soto Aponte y el señor Rivera Morales lo engañaron e incurrieron en dolo, dado que realizó mejoras a la propiedad, aumentó su valor, y estos pretendían venderla a un precio mayor. Por todo lo anterior, el apelado solicitó la suma de $125,000.00 por mejoras a la propiedad, la suma de $300,000.00 por la pérdida futura de generar ingresos y, la suma de $50,000.00 por concepto de angustias mentales.

Por su parte, el 25 de septiembre de 2022, el señor Rivera Morales presentó su *Contestación a demanda y reconvención* en la cual negó la mayoría de las alegaciones.[3] Entre sus defensas afirmativas, esbozó que el señor Mithun entró en la posesión en la propiedad como socio de la entidad arrendataria de la propiedad, CF Breeze Construction. Además, esgrimió que fue enfático en que no podían realizar mejoras a la propiedad, hasta tanto se concretizara el contrato de renta con opción a compra. Por último, planteó que nunca se perfeccionó el contrato de renta con opción a compra.

Como parte de su contestación a la Demanda, el señor Rivera Morales presentó una *Reconvención por desahucio* en la cual adujo que el señor Mithum tomó posesión de la propiedad en calidad de arrendatario, toda vez que era socio de los arrendatarios, CF Breeze Construction y los señores Fouquet. En virtud de lo anterior, solicitó al foro primario que declarase Ha Lugar la reconvención y ordenase al apelado a abandonar la propiedad.

---

[3] *Id.*, a las págs. 8-15.

Tras varios trámites procesales, los cuales no son necesarios pormenorizar, el 29 de abril de 2023, el apelante presentó una *Moción solicitando sentencia sumaria.*[4] Alegó que, no existía controversia sobre lo siguiente: el apelante y la señora Aponte Soto eran codueños de la propiedad; Mithun tomó posesión de la propiedad en calidad de arrendatario; le notificaron a Mithun que no deseaban continuar con el arrendamiento, por lo que solicitaron que desalojara la misma y que; el señor Mithun continuó ocupando el inmueble sin derecho alguno. Razonó que los actos del apelado eran frívolos y temerarios. Por último, solicitó la imposición de honorarios de abogado por la suma de $5,000.00 y, se le ordenase a Mithun satisfacer la cantidad de $3,150.00 por cada mes y/o $105.00 por cada día en que ocupó la propiedad.

El 9 de mayo de 2023, el foro primario emitió una *Orden* que se notificó al día siguiente, en la cual concedió el término de veinte (20) días al señor Mithun para oponerse a la solicitud de sentencia sumaria, una vez transcurriera el término de noventa (90) días para concluir el descubrimiento de prueba.[5] En cumplimiento con lo ordenado, el 8 de enero de 2024, el señor Mithun presentó *Oposición a moción de sentencia sumaria [SUMAC # 70].*[6]

El 12 de enero de 2024, el señor Rivera Morales presentó una *Solicitud de desestimación por falta de elementos para la constitución de un contrato de opción de compraventa.*[7] En síntesis, señaló que no se pactó un término fijo para ejercitar la opción de compraventa, lo cual era un requisito fundamental para que se configure dicho contrato. Asimismo, enfatizó que la Demanda falló en establecer uno de los elementos esenciales para la configuración del contrato de

---

[4] *Id.*, a las págs. 16-29.
[5] *Id.*, a la pág. 33.
[6] Apéndice del apelado, a las págs. 1-24.
[7] Apéndice del recurso, a las págs. 34-38.

opción. Por tanto, solicitó la desestimación sumaria de la causa de acción de la Demanda, por inexistencia del contrato de opción.

Mediante *Orden* del 31 de enero de 2024, notificada el 1 de febrero de 2024, el TPI concedió un término al apelado para que se expresara en torno a la solicitud de sentencia sumaria y las mociones de desestimación.[8]

De ahí, el 29 de febrero de 2024, el señor Mithun presentó una *Moción informativa, de desistimiento parcial con perjuicio y de [presentación] de segunda demanda enmendada.*[9] Expuso que abandonó la propiedad en controversia. A esos efectos, solicitó al TPI que desestimara las reclamaciones contra la señora Soto Aponte y el señor Vélez con perjuicio y sin imposición de costas u honorarios de abogados. A su vez, solicitó que se eliminaran las causas de acción sobre cumplimiento específico de contrato e interferencia torticera. De igual forma, señaló que las mociones dispositivas pendientes de resolución eran académicas. Por último, expresó que, únicamente, interesaba continuar con la causa de acción en daños y perjuicios en contra el señor Rivera Morales, por las mejoras que realizó a la propiedad.

En respuesta, el 1 de marzo de 2024, notificada el 4 de marzo de 2024, el foro primario emitió una *Sentencia Parcial.*[10] En su dictamen, declaró Ha Lugar una solicitud de desistimiento parcial con perjuicio, que presentó el apelado con relación al señor [Vélez] y la señora Soto Aponte. En consecuencia, el TPI ordenó el archivo del presente caso en cuanto a dichas partes, con perjuicio.

De ahí, el 4 de marzo de 2024, el apelante presentó una *Reconsideración y solicitud de honorarios de abogado y costas por temeridad.*[11] Adujo que, la solicitud de desestimación que presentó

---

[8] *Id.*, a las págs. 431-432.
[9] *Id.*, a las págs. 433-434.
[10] *Id.*, a las págs. 435-436.
[11] *Id.*, a las págs. 437-439.

el señor Mithun estaba basada en la falta de requisitos normativos para que se configurase el contrato de opción. Es decir, dicho contrato fue la causa de acción que presentó el apelado. Por ello, razonó que el señor Mithun actuó temeraria y frívolamente en su proceder, dado que presentó un pleito carente de hechos y derecho que le apoyase. Además, indicó que su proceder le obligó a asumir gastos, trabajo y honorarios de abogado para defenderse de una causa de acción frívola. Por último, señaló que no tuvo la oportunidad de presentar su oposición a la moción de desistimiento. A tenor, solicitó al TPI que enmendara la *Sentencia Parcial* e impusiera el pago de $15,000.00 por concepto de honorarios de abogado.

Por su parte, el 15 de marzo de 2024, el apelado presentó su *Oposición a mociones de imposición de honorarios de abogados [SUMAC #140, 142 y 145]*.[12] Esbozó, que, por lo general, la imposición de honorarios de abogados por un desistimiento voluntario no acarreaba la imposición de honorarios de abogados por temeridad. Asimismo, indicó que según surgía de las alegaciones de la Demanda, el representante legal del apelado no actuó con información falsa o simulada, sino con hechos provistos por el señor Mithun. En específico, enfatizó que el apelado contaba con suficientes hechos para sustentar su Demanda como, por ejemplo, los mensajes de texto que intercambió con el señor Rivera Morales con relación al contrato de opción. Por tanto, esgrimió que no procedía la imposición de honorarios de abogados al amparo de la Regla 9.1 de las de Procedimiento Civil.[13] Por último, alegó que abandonar el reclamo de la opción de compra, ante su deseo de hacerse de una propiedad sin tener que esperar a la resolución del pleito, no era óbice de imposición de temeridad, toda vez que no

---

[12] *Id.*, a las págs. 441-448.
[13] 32 LPRA Ap. V, R. 9.1.

actuó con terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos.

Luego de examinar los argumentos presentados por las partes, el 17 de marzo de 2024, el TPI emitió una *Resolución* que se notificó 18 de marzo de 2024, en la cual declaró No Ha Lugar la solicitud de reconsideración y, denegó la solicitud de honorarios de abogado, toda vez que determinó que el apelado no incurrió en temeridad.[14]

En desacuerdo, el 17 de abril de 2024, el apelante instó un recurso de *Apelación* en el cual esgrimió la comisión del siguiente error:

> ERRÓ EL TPI AL EMITIR UNA SENTENCIA PARCIAL SIN LA IMPOSICIÓN DE HONORARIOS DE ABOGADO POR TEMERIDAD Y HABER DENEGADO UNA SOLICITUD DE RECONSIDERACIÓN PARA QUE ESTOS FUERA[N] INCLUIDOS COMO PARTE DE LA SENTENCIA PARCIAL POR SER CLARO Y PATENTE LA TEMERIDAD DEL DEMANDANTE AL RADICAR LA CAUSA DE ACCIÓN POR INCUMPLIMIENTO DE UN CONTRATO DE OPCIÓN INEXISTENTE Y HABER PROVOCADO GASTOS Y MOLESTIAS INNECESARIAS, SI SE HUBIESE CUMPLIDO CON EL ESTÁNDAR NORMATIVO DE DILIGENCIA PREVIO A LA RADICACIÓN Y CERTIFICACIÓN DE LA RECLAMACIÓN, PUES NI TAN SIQUIERA SE CUMPLÍAN CON LOS ELEMENTOS BÁSICOS PARA LA CONSTITUCIÓN DEL CONTRATO DE OPCIÓN.

Por su parte, el señor Mithun compareció el 22 de mayo de 2024, mediante *Alegato de la parte apelada.* Con el beneficio de la comparecencia de las partes, procederemos a exponer el derecho aplicable.

## II

### A. Recurso de Apelación

La Regla 52.2 (a) de las Reglas de Procedimiento Civil[15], dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en

---

[14] Apéndice del recurso, a las págs. 565-566.
[15] 32 LPRA Ap. V, R. 52.2 (a).

autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[16] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[17] Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.

> En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios y funcionarias, o una de sus instrumentalidades que no fuere una corporación pública, o en que los Municipios de Puerto Rico o sus funcionarios y funcionarias sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. [18]

No obstante, el término de treinta (30) días para acudir en alzada puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[19] En tal caso, el curso del término para apelar comienza a partir del archivo en autos copia de la notificación de la resolución que resuelve la moción.[20] Esto, a pesar de que se haya declarado la moción No Ha Lugar.

### B. Honorarios de Abogado por Temeridad

La Regla 44 de las Reglas de Procedimiento Civil aborda lo relativo a costas, honorarios de abogado e interés legal. La Regla 44.1 de las Reglas de Procedimiento Civil tiene un fin de índole

---

[16] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[17] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[18] 4 LPRA Ap. XXII-B, R. 13 (A).
[19] 32 LPRA Ap. V, R. 47.
[20] *Id.*

disuasivo: desalentar los pleitos temerarios y superfluos.[21] En particular, la Regla 44.1 (d) de las Reglas de Procedimiento Civil dispone lo siguiente sobre los honorarios de abogados:

> [...]
> (d) *Honorarios de abogado.* En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. [...][22]

El concepto temeridad no está expresamente definido por la Regla 44.1(d) de las Reglas de Procedimiento Civil.[23] La temeridad ha sido definida como:

> [...] una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia. También sujeta al litigante inocente a la ordalía del proceso judicial y lo expone a gastos innecesarios y a la contratación de servicios profesionales, incluyendo abogados, con el gravamen a veces exorbitante para su peculio.[24]

Existen varias instancias bajo las cuales puede surgir temeridad, a saber: (i) contestar una demanda y negar responsabilidad total, aunque se acepte posteriormente; (ii) defenderse injustificadamente de la acción; (iii) creer que la cantidad reclamada es exagerada y que sea esa la única razón que se tiene para oponerse a las peticiones del demandante sin admitir francamente su responsabilidad, pudiendo limitar la controversia a la fijación de la cuantía a ser concedida; (iv) arriesgarse a litigar un caso del que se desprendía prima facie su responsabilidad; y, (v) negar un hecho que le conste es cierto a quien hace la alegación.[25] A tales efectos, el propósito de la imposición de honorarios de abogado en casos de temeridad es: "establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia

---

[21] *J.T.P. Development Corp. v. Majestic Realty Corp.*, 130 DPR 456, 460 (1992).
[22] 32 LPRA Ap. V, R. 44.1 (d).
[23] *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 718 (1987).
[24] *Id.*; H. Sánchez, Rebelde Sin Costas, 4(2) Boletín Judicial 14 (1982).
[25] *Blas v. Hosp. Guadalupe*, 146 DPR 267, 335-336 (1998); *Fernández v. San Juan Cement Co., Inc., Id.*

e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito".[26]

La determinación de temeridad es de índole discrecional, por lo que los tribunales apelativos solo debemos intervenir con ella cuando nos enfrentemos a un caso de abuso de discreción.[27] Ahora bien, una vez el tribunal sentenciador concluye que una parte ha sido temeraria, es imperativa la imposición de honorarios de abogado.[28]

III

En el presente caso, el apelante nos solicita la revisión de una *Resolución* que se emitió el 17 de marzo de 2024 y se notificó al día siguiente por el foro primario. En específico, nos plantea como único señalamiento de error que el TPI erró al emitir una *Sentencia Parcial* sin la imposición de honorarios de abogado por temeridad y, en consecuencia, haber denegado la solicitud de reconsideración, toda vez que era claro y patente la temeridad del señor Mithun al presentar su causa de acción por incumplimiento de un contrato de opción inexistente y, consecuentemente, haber provocado gastos y molestias innecesarias, dado que no cumplió con el estándar normativo de diligencia previo a la presentación de dicha reclamación. Sostuvo que la Demanda incumplió con los elementos básicos para la constitución del contrato de opción. *Veamos.*

En su recurso el apelante plantea que la Demanda falló en establecer el término para ejercer la opción, uno de los elementos esenciales para la configuración de dicho contrato. Alega que la falta del requisito del término fijo para ejercer la opción denota que el apelado actuó temeraria y frívolamente, toda vez que presentó una

---

[26] *Andamios de P.R. v. Newport Bonding,* 179 DPR 503, 520 (2010); *Fernández v. San Juan Cement Co., Inc., Id.*
[27] S.*L.G. Flores–Jiménez v. Colberg,* 173 DPR 843, 866 (2008); *Colón Santos v. Coop. Seg. Mult. P.R.,* 173 DPR 170 (2008); *P.R. Oil v. Dayco,* 164 DPR 486 (2005).
[28] *P.R. Oil v. Dayco, Id.,* 511 (2005).

Demanda carente de hechos y derecho, que sustentara su causa de acción. Asimismo, arguye que el representante legal del señor Mithun falló en la investigación de las alegaciones, dado que no se cercioró que la Demanda cumpliese con los elementos básicos de la causa de acción bajo la cual presentó su pleito. Por último, señala que el apelado lo obligó a defenderse de una causa de acción frívola y contumaz, de la cual desistió, luego de que se encontrase en una etapa avanzada en el proceso judicial. Por lo anterior, señala que el foro primario abusó de su discreción al no imponer honorarios de abogado por temeridad.

Por su parte, el apelado argumentó que el desistimiento voluntario del pleito no acarreaba la imposición de honorarios de abogados por temeridad. Asimismo, indicó que, según surgía de las alegaciones de la Demanda, su representante legal no actuó con información falsa. En específico, esbozó que el apelado contaba con suficientes hechos para sustentar sus alegaciones. Por tanto, sostiene que no procedía la imposición de honorarios de abogados al amparo de la Regla 9.1 de las de Procedimiento Civil.[29] Por último, alegó que el haber decidido simplificar las alegaciones al entregarles la posesión de la propiedad objeto de autos, no significaba que hubiese actuado con temeridad.

Según el precitado derecho, La Regla 44.1 de las Reglas de Procedimiento Civil tiene un fin de índole disuasivo: desalentar los pleitos temerarios y superfluos.[30] En particular, la Regla 44.1 (d) de las Reglas de Procedimiento Civil dispone que, [...] En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de

---

[29] 32 LPRA Ap. V, R. 9.1.
[30] *J.T.P. Development Corp. v. Majestic Realty Corp.*, 130 DPR 456, 460 (1992).

honorarios de abogado que el tribunal entienda correspondan a tal conducta. [...][31]

Ahora bien, la determinación de temeridad es de índole discrecional, por lo que los tribunales apelativos solo debemos intervenir con ella cuando nos enfrentemos a un caso de abuso de discreción.[32] Cabe precisar que, una vez el tribunal sentenciador concluye que una parte ha sido temeraria, es imperativa la imposición de honorarios de abogado.[33]

Luego de examinar el recurso y el expediente ante nuestra consideración, surge de la Demanda que el señor Mithun presentó los argumentos que en derecho entendía procedían para validar su postura, a saber, el incumplimiento del contrato de opción y la interferencia torticera. Consecuentemente, al igual que el foro primario, no apreciamos en la conducta del apelado la terquedad, obstinación, contumacia e insistencia desprovista de fundamentos que justifique la penalidad que supone la imposición de honorarios de abogado por temeridad. Así pues, colegimos que el TPI no abusó de su discreción al negarse a imponer el pago de honorarios de abogado por temeridad.

En conclusión, determinamos que el señalamiento de error formulado por el apelante no se cometió.

IV

Por los fundamentos que anteceden, se *confirma* el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[31] 32 LPRA Ap. V, R. 44.1 (d).
[32] S.*L.G. Flores–Jiménez v. Colberg,* 173 DPR 843, 866 (2008); *Colón Santos v. Coop. Seg. Mult. P.R.,* 173 DPR 170 (2008); *P.R. Oil v. Dayco,* 164 DPR 486 (2005).
[33] *P.R. Oil v. Dayco, Id.,* 511 (2005).